UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RENE VENTURA, and<br>FLORENCIO MELARA,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>GIL MOK CORPORATION, DBA KOREANA<br>RESTAURANT, and YOUNG SOOK PARK,<br><br>　　　Defendants. | C.A. No. _____ |

# COMPLAINT

## Introduction

1.　　Plaintiffs Rene Ventura ("Ventura") and Florencio Melara ("Melara") bring this action to recover unpaid overtime wages for work that they performed for Defendants, Gil Mok Corporation, DBA Koreana Restaurant, and Young Sook Park (collectively referred to herein as "Defendants").  Ventura worked for Defendants prior to and including the time period between April 28, 2006, and March 24, 2009.  Melara worked for Defendants prior to and including the time period between April 28, 2006, and March 20, 2009.  During this time period, Ventura and Melara regularly worked well over 40 hours per week but did not receive overtime pay.

2.　　Defendants' failure to pay overtime pay was part of an intentional and deliberate scheme to avoid the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 207(a).

Defendants issued a bi-weekly personal check to Ventura of $483, which included a $117 deduction for unidentified taxes. In addition, Defendants paid Ventura $800 every two weeks in cash. Ventura worked 72 hours a week for Defendants, but his weekly salary did not include any overtime wages. Defendants issued a bi-weekly personal check to Melara of $924, which included a $276 deduction for unidentified taxes. In addition, Defendants paid Melara $550 every two weeks in cash. Melara worked 72 hours a week for Defendants, but his weekly salary did not include any overtime wages.

3. Ventura and Melara seek damages in an amount to be determined at trial, as well as other relief as appropriate for the conduct complained of herein.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§ 207 and 216(b).

5. Defendants have their principal place of business in this district and are therefore subject to personal jurisdiction here.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because the Defendants reside in this district and are subject to personal jurisdiction in this district.

## Parties

7. Ventura is a resident of Everett, Massachusetts. Ventura worked for Defendants prior to and including the time period between April 28, 2006, and March 24, 2009.

8. Melara is a resident of Chelsea, Massachusetts. Melara worked for Defendants prior to and including the time period between April 28, 2006, and March 20, 2009.

9. Defendant Gil Mok Corporation is a corporation organized under the law of Massachusetts with its principal place of business located at 154-158 Prospect St., Cambridge,

Massachusetts, 02139.

10. Defendant Young Sook Park is presently and has been at all times relevant to this complaint, the President, Treasurer, Secretary and Director of Gil Mok Corporation. According to corporate documents that she filed with the Massachusetts Secretary of State, she currently resides at 11 Draftwood Lane, Lynnfield, Massachusetts, 01940.

11. Defendants regularly transacted business in this district during the relevant time period.

12. During the relevant time period, Gil Mok Corporation was an enterprise engaged in commerce as defined by the Fair Labor Standards Act ("FLSA") and administrative regulations interpreting the FLSA.

13. As a result, Defendants were required to compensate Plaintiff in accordance with the requirements imposed on employers by the FLSA.

## Factual Allegations

14. Ventura and Melara worked as employees in the restaurant owned and operated by Defendants.

15. Ventura was employed by Defendants prior to and including the time period between April 28, 2006 and March 24, 2009.

16. Melara was employed by Defendants prior to and including the time period between April 28, 2006 and March 20, 2009.

17. Between April 28, 2006 and March 24, 2009, Ventura and Melara worked exclusively at 154-158 Prospect St. in Cambridge, Massachusetts.

18. Ventura and Melara each worked 6 days a week, 12 hours a day, 72 hours a week for Defendants.

19. Ventura and Melara worked in Defendants' kitchen, preparing and cooking food.

20. Ventura and Melara were paid based on a weekly salary. Ventura made $700 a week. Melara made $875 a week.

21. Ventura was paid bi-weekly, with a $483 personal check, which included a $117 deduction for unidentified taxes, and $800 in cash.

22. Melara was paid bi-weekly, with a $924 personal check, which included a $276 deduction for unidentified taxes, and $550 in cash.

23. Ventura and Melara were never paid overtime compensation for the 32 overtime hours they worked every week for Defendants.

24. Ventura is owed approximately $23,328.00. Melara is owed approximately $29,086.72.

25. Plaintiffs and Defendants entered into a Tolling Agreement with respect to the claims in this complaint that was effective from April 28, 2009 to August, 28, 2009.

### Count I – Fair Labor Standards Act Claim

26. Plaintiffs reallege and incorporate by reference the above allegations.

27. Defendants violated 29 U.S.C. § 207(a) by failing to pay Plaintiffs overtime compensation at one-and-a-half times their regular hourly rate for hours worked in excess of 40 hours per week.

28. Defendants' violations of 29 U.S.C. §207(a) were repeated, willful and intentional.

29. Plaintiffs have been damaged by these violations of 29 U.S.C. § 207(a).

30. Pursuant to 29 U.S.C. §207(a) and § 216(b), Defendants are liable to Plaintiffs for the full amount of his unpaid overtime compensation, plus an additional equal amount as

liquidated damages, plus the costs and reasonable attorney's fees incurred by Plaintiff in bringing this action.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Determine the damages sustained by Plaintiffs as a result of Defendants violations of the FLSA and award those damages against Defendants in favor of Plaintiffs, plus an additional equal amount as liquidated damages;

2. Award Plaintiffs costs and disbursements of this suit, including, without limitation, reasonable attorney's fees and expenses; and

3. Any other or further relief as the Court may deem just and proper.


PLAINTIFFS DEMAND A JURY TRIAL ON ALL CLAIMS SO TRIABLE.

                                      RENE VENTURA, and
                                      FLORENCIO MELARA
                                      By their Attorney,


                                      _/s/ Thomas Smith_____
                                      Thomas L. Smith (BBO #673200)
                                      Audrey R. Richardson (BBO #630782)
                                      Greater Boston Legal Services
                                      197 Friend St.
                                      Boston, MA 02114
                                      (617) 603-1508 / (617) 603-1662
                                      tsmith@gbls.org / arichardson@gbls.org

Dated: September 9, 2009